LINCOLN V. HORTON (Pending Admission by Pro Hac Vice)
HORTON VILLAGE LAW GROUP, APC
lhorton@hortonvillagelaw.com
16236 San Dieguito Road, Suite 5-24
P.O. Box 9181
Rancho Santa Fe, CA 92067
Telephone: 858.832.8685

Attorneys for Plaintiffs ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS, PECOS DIVISION

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS,<br><br>                 Plaintiff,<br><br>         v.<br><br>TECHWATER LLC, and DOES 1 to 10, inclusive,<br><br>                 Defendants. | Case No.  4:25-cv-00011<br><br>**COMPLAINT FOR DAMAGES** |

Plaintiff ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS ("Plaintiff," or "Zurich") brings this action against Defendant TECHWATER LLC, and DOES 1 to 10 (collectively "Defendants" or "Techwater"), and alleges as follows:

### THE PARTIES AND JURISDICTION

1. Plaintiff Zurich American Insurance Company of Illinois is an Illinois corporation engaged in the insurance business with a statutory home office and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. Zurich is authorized to transact business and has transacted business in Reeves County, Texas.

2. Zurich is informed and believes and based on such information and belief alleges that Defendant Techwater LLC is a Texas limited liability company with a

principal place of business at P.O. Box 776, Pecos, TX 79772.  Techwater is authorized to transact business and is transacting business in Reeves County, Texas.

3. The amount at issue in this case is over $75,000.00.

4. This matter is subject to the Federal District Court's jurisdiction based on the diversity of the parties and the amount at issue pursuant to 28 U.S.C. § 1332.

5. Defendants DOES 1 to 10, inclusive, are the fictitious names of those Defendants whose true names are unknown to Zurich, and whose true capacities, whether as individuals, corporations, partnerships, joint venturers and/or associations, are also unknown to Zurich, and when such true names are ascertained, Zurich will amend this complaint by inserting said true names in the place of said fictitious names in accordance with the Federal Rules of Civil Procedure.  Zurich is informed and believes and thereon alleges that, whenever and wherever in this complaint all Defendants are the subject of the charging allegations by Zurich, said Does are also responsible in some manner for the events and happenings and it shall be deemed that said Defendants, DOES 1 to 10, inclusive, and each of them, are likewise the subject of said charging allegations herein by Zurich.

6. At all times herein mentioned, Defendants, and each of them, were the agents, servants, and employees of each of the other Defendants herein, and at the same time and place of the events hereinafter described, were acting within the course and scope of said agency and employment with the permission and consent of the other Defendants and each of them.  Defendants are, and each of them is, the alter ego of the other Defendants, and Defendants are essentially the extension of each other.

## **GENERAL ALLEGATIONS**

7. At Defendants' request, Workers Compensation Insurance Policy no. WC 08722714-00 (policy period May 18, 2023 to May 4, 2024) was issued by Zurich to Defendants ("WC Agreement I").

8. At Defendants' request, Workers Compensation Insurance Policy no. WC 08722714-01 (policy period May 4, 2024 to May 4, 2025) was issued by Zurich to

Defendants ("WC Agreement II"). On August 25, 2024, the WC Agreement II was cancelled for non-payment of premium.

9. The WC Agreement I and WC Agreement II will be referred to collectively as the "Agreements".

10. Per the terms of the Agreements, the initial premium paid is a deposit premium based on the insured's estimate of exposure determined by the estimated payroll for each class code used for its workers' job duties. After the end of the policy term, Zurich conducts a "true-up" payroll audit of the actual exposure related to payroll by class code during the policy term. If the actual exposure exceeds the estimated exposure, then an additional premium is due. If the actual exposure is less than the estimated exposure then a refund of premium is due.

11. Per the terms of the Agreements, if the policy is cancelled for non-payment a payroll audit is conducted to "true up" the exposure during the time that the policy was in effect against the estimated exposure that forms the basis of the deposit premium.

12. Per the terms of the Agreements, if the insured does not cooperate with the payroll audit requirement, then Zurich performs an estimated audit utilizing a multiplier of the initial estimated exposure.

13. After the conclusion of the policy period for the WC Agreement I, Zurich conducted its payroll audit.

14. On or about July 30, 2024, the audit results for the WC Agreement I were issued by Zurich with a demand for payment from Defendants of an additional premium of $43,213.00.

15. Defendants made no payment of the additional premium owed for the WC Agreement I after the audit results were issued.

16. On October 1, 2024, Zurich sent a Statement of Account and demand for payment to Defendants for the additional premium owed for the WC Agreement I totaling $43,213.00, plus accrued interest, but the Defendants made no payment.

17. On November 14, 2024, Zurich sent a further Statement of Account and

demand for payment to Defendants for the additional premium owed for the WC Agreement I totaling $43,213.00, plus accrued interest, but the Defendants made no payment.

18. After the WC Agreement II was cancelled by Zurich due to non-payment of premium, Zurich attempted to perform the required payroll audit for the period the policy was in effect, but the Defendants did not cooperate with the audit requests.

19. On or about November 14, 2024, due to Defendants lack of cooperation, Zurich issued an estimated audit and demand for payment of a final premium for the WC Agreement II of $47,666.00.

20. Defendants did not pay the final premium due after audit for the WC Agreement II totaling $47,666.00.

21. On January 2, 2025, Zurich issued a Statement of Account and demand for payment of premiums totaling $90,879.00 for the WC Agreement I ($43,213.00) and WC Agreement II ($47,666.00), but the Defendants made no payment.

22. Despite follow up efforts by Zurich, the outstanding invoices totaling $90,879.00 for the premiums owed after audits for the two Agreements have not been paid, in whole or in part, by Defendants.

23. As of the filing of the complaint, Zurich is owed $90,879.00 by Defendants for the premiums owed after audit pursuant to the Agreements.

## FIRST CAUSE OF ACTION

(Breach of Contract for Damages Against All Defendants)

24. Zurich incorporates by reference each and every allegation contained in paragraphs 1 through 23 above, as though fully set forth herein.

25. At Defendants' request, Zurich issued the insurance policies that are the Agreements in this matter.

26. Zurich fulfilled its contractual obligations to Defendants by providing the insurance coverage set forth in the Agreements.

27. After performing the payroll audits required by the Agreements, Zurich

issued the audit results and demands for payment of the premiums owed by Defendants pursuant to the Agreements totaling $90,879.00.

28. To date Zurich has not received payment, in whole or in part, from Defendants for the premiums totaling $90,879.00 owed pursuant to the terms of the Agreements.

29. Defendants materially breached the Agreements by failing to pay Zurich the premiums owed after audits totaling $90,879.00.

30. Defendants continue to be in breach of the Agreements by failing to pay Zurich the premiums owed after audits totaling $90,879.00.

31. Zurich did not waive or otherwise excuse Defendants' obligations pursuant to the Agreements to pay Zurich the premiums totaling $90,879.00.

32. As a direct and proximate result of Defendants' breaches of their obligations under the Agreements, Zurich has been damaged in the amount of $90,879.00 for the billed but unpaid premiums after payroll audits.

33. Zurich seeks and is entitled to obtain a judgment for damages against Defendants according to proof, plus daily pre-judgment interest calculated at the maximum Texas statutory rate allowed, costs of suit, and such other and further relief as the Court deems proper.

WHEREFORE, Zurich prays for judgment in its favor and against Defendants as follows:

1. For damages according to proof at trial.
2. For an award of daily pre-judgment interest.
3. For costs of suit.
4. For such other and further relief as the Court may deem proper.

Bench Trial requested by Zurich.

DATED:  February 28, 2025  HORTON VILLAGE LAW GROUP, APC


By: s/Lincoln V. Horton
    LINCOLN V. HORTON
Attorneys for Plaintiffs ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS